UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SONIA COLE,

              Plaintiff,

      -against-

U.S. DEPARTMENT OF JUSTICE,
IMMIGRATION AND NATURALIZATION
SERVICE,

              Defendants.

-------------------------------------------------------x

                                          MEMORANDUM AND ORDER
                                            05-CV-2997 (CBA)

AMON, United States District Judge.

      Plaintiff, appearing *pro se,* brings this action pursuant to 28 U.S.C. § § 1331, 1332 and  42

U.S.C. § 1983.[1]  The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915, and directs plaintiff to submit an amended complaint within thirty (30) days of the

date of this order as detailed below.

<u>Standard of Review</u>

      Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action

where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

---

[1] This is plaintiff's ninth action filed with this Court. <u>See</u> <u>Cole v. Beneficial Mortgage</u>, 01-cv-3327 (CBA) (bankruptcy appeal, dismissed by order dated November 29, 2001, for failure to prosecute); <u>Cole v. Merrick Realty, LLC.</u>,03-cv-1230 (CBA) (bankruptcy appeal, dismissed  by order dated December 4, 2003, pursuant to 28 U.S.C. 1915 (e)); <u>Cole v. Merrick Realty, LLC et al</u>, 04-cv-908 (CBA) (§ 1983, dismissed by order dated May 20, 2004, pursuant to 28 U.S.C. 1915 (e)); <u>Cole v. Leverett</u>, 04-cv-5216 (CBA) (dismissed by order dated December 6, 2004, pursuant  28 U.S.C. § 1915 (e)); <u>Cole v. Katz</u>, 04-cv-5217 (CBA) (dismissed by order dated December 6, 2004, pursuant  28 U.S.C. § 1915 (e)); <u>Cole v. Hanks et al.</u>, 05-cv-1831 (CBA) (pending § 1983); <u>Cole v. Plaza Homes LLC</u>., 05-cv-2055 (CBA) (§ 1983, dismissed by order dated May 23, 2005, for lack of subject matter jurisdiction; plaintiff was cautioned against filing non-meritorious complaints); <u>Cole v. Jack & Hendra Movers, Inc.</u>, 05-cv-2203 (CBA) (§ 1983, dismissed by order dated May 18, 2005, for lack of subject matter jurisdiction; plaintiff was cautioned against filing non-meritorious complaints).

Dockets.Justia.com

relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." <u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir. 1998).

<u>Discussion</u>

Plaintiff's handwritten complaint is barely legible. Plaintiff may be alleging that she was denied United States citizenship. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, --- U.S. ----, ----, 125 S.Ct. 1627, 1634 (2005) (citation omitted); <u>Swierkiewicz v. Sorema</u>, N.A., 534 U.S. 506, 512 (2002); <u>see</u> <u>also</u> <u>Wynder v. McMahon</u>, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995)).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. <u>Simmons</u>, 49 F.3d at 86. However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in <u>Kittay v. Kornstein</u>, 230 F.3d 531, 541 (2d Cir. 2000)).

<u>Leave to Amend</u>

Here, plaintiff's complaint falls far short of giving the fair notice of the claim as required under Rule 8(a)(2). The claims in the complaint are vague, unintelligible and illegible.

2

Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given

30 days leave to file an amended complaint that complies with Rule 8. <u>Cruz v. Gomez</u>, 202 F.3d 593

(2d Cir. 2000). Should plaintiff file an amended complaint, she must set forth the legal basis and

factual allegations to support her claims against defendants, and the relief she is seeking with respect

thereto. The allegations must be short, plain, concise and legible. She must also state, in a plain and

concise manner, the specific facts that give rise to the claim.

The amended complaint must be captioned as an "Amended Complaint" and bear the same

docket number as this order.[2]  No summons shall issue at this time and all further proceedings shall

be stayed for 30 days.  If plaintiff fails to amend her complaint within 30 days as directed by this

order, the Court shall dismiss this complaint 28 U.S.C. § 1915 (e).    The Court certifies  pursuant to

28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and

therefore *in forma pauperis* status is denied for purpose of an appeal. <u>See</u> <u>Coppedge v. United States</u>,

369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
        June 30, 2005

_____

[2] Plaintiff may use the attached first page to file her amended complaint.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

SONIA COLE,
                    Plaintiff,

        -against-                                    AMENDED COMPLAINT
                                                      05-CV- 2997 (CBA)


U.S. DEPARTMENT OF JUSTICE,
IMMIGRATION AND NATURALIZATION
SERVICE,

                    Defendants.
-----------------------------------------------------x