UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

SONIA COLE,

        Plaintiff,

    -against-                                      MEMORANDUM AND ORDER
                                                                 05-CV-2997 (CBA)

U.S. DEPARTMENT OF JUSTICE,
IMMIGRATION AND NATURALIZATION
SERVICE,

        Defendants.
----------------------------------------------------------x
AMON, United States District Judge.

      Plaintiff, appearing *pro se,* brings this action pursuant to 28 U.S.C. § § 1331, 1332 and 42 U.S.C. § 1983.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and directs plaintiff to submit an amended complaint within thirty (30) days of the date of this order as detailed below.

Standard of Review

      Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

---

[1] This is plaintiff's ninth action filed with this Court. See Cole v. Beneficial Mortgage, 01-cv-3327 (CBA) (bankruptcy appeal, dismissed by order dated November 29, 2001, for failure to prosecute); Cole v. Merrick Realty, LLC.,03-cv-1230 (CBA) (bankruptcy appeal, dismissed by order dated December 4, 2003, pursuant to 28 U.S.C. 1915 (e)); Cole v. Merrick Realty, LLC et al, 04-cv-908 (CBA) (§ 1983, dismissed by order dated May 20, 2004, pursuant to 28 U.S.C. 1915 (e)); Cole v. Leverett, 04-cv-5216 (CBA) (dismissed by order dated December 6, 2004, pursuant 28 U.S.C. § 1915 (e)); Cole v. Katz, 04-cv-5217 (CBA) (dismissed by order dated December 6, 2004, pursuant 28 U.S.C. § 1915 (e)); Cole v. Hanks et al., 05-cv-1831 (CBA) (pending § 1983); Cole v. Plaza Homes LLC., 05-cv-2055 (CBA) (§ 1983, dismissed by order dated May 23, 2005, for lack of subject matter jurisdiction; plaintiff was cautioned against filing non-meritorious complaints); Cole v. Jack & Hendra Movers, Inc., 05-cv-2203 (CBA) (§ 1983, dismissed by order dated May 18, 2005, for lack of subject matter jurisdiction; plaintiff was cautioned against filing non-meritorious complaints).

relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." <u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir. 1998).

## Discussion

Plaintiff's handwritten complaint is barely legible. Plaintiff may be alleging that she was denied United States citizenship. Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, --- U.S. ----, ----, 125 S.Ct. 1627, 1634 (2005) (citation omitted); <u>Swierkiewicz v. Sorema</u>, N.A., 534 U.S. 506, 512 (2002); <u>see</u> <u>also</u> <u>Wynder v. McMahon</u>, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995)).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. <u>Simmons</u>, 49 F.3d at 86. However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in <u>Kittay v. Kornstein</u>, 230 F.3d 531, 541 (2d Cir. 2000)).

## Leave to Amend

Here, plaintiff's complaint falls far short of giving the fair notice of the claim as required under Rule 8(a)(2). The claims in the complaint are vague, unintelligible and illegible.

Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint that complies with Rule 8. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Should plaintiff file an amended complaint, she must set forth the legal basis and factual allegations to support her claims against defendants, and the relief she is seeking with respect thereto. The allegations must be short, plain, concise and legible. She must also state, in a plain and concise manner, the specific facts that give rise to the claim.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.[2] No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend her complaint within 30 days as directed by this order, the Court shall dismiss this complaint 28 U.S.C. § 1915 (e). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                                           CAROL B. AMON
                                                                                          United States District Judge

Dated: Brooklyn, New York
       June 30, 2005

---

[2] Plaintiff may use the attached first page to file her amended complaint.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

SONIA COLE,

                Plaintiff,

     -against-                             AMENDED COMPLAINT
                                                 05-CV- 2997 (CBA)

U.S. DEPARTMENT OF JUSTICE,
IMMIGRATION AND NATURALIZATION
SERVICE,

                Defendants.
--------------------------------------------------------x