UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

SONIA COLE,

        Plaintiff,

-against-

U.S. DEPARTMENT OF JUSTICE,
IMMIGRATION AND NATURALIZATION
SERVICE,

        Defendants.
----------------------------------------------------------x

MEMORANDUM AND ORDER
05-CV-2997 (CBA)

AMON, United States District Judge.

Plaintiff, appearing *pro se,* brings this action pursuant to 28 U.S.C. § § 1331, 1332 and 42 U.S.C. § 1983.[1] By order dated June 30, 2005, plaintiff was directed to file an amended complaint within 30 days to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's amended complaint is hereby dismissed for the reasons stated below.

Plaintiff's amended complaint alleges that she was denied United States citizenship. Plaintiff's amended complaint states in its entirety:

---

[1] This is plaintiff's ninth action filed with this Court. See Cole v. Beneficial Mortgage, 01-cv-3327 (CBA) (bankruptcy appeal, dismissed by order dated November 29, 2001, for failure to prosecute); Cole v. Merrick Realty, LLC., 03-cv-1230 (CBA) (bankruptcy appeal, dismissed by order dated December 4, 2003, pursuant to 28 U.S.C. 1915 (e)); Cole v. Merrick Realty, LLC et al, 04-cv-908 (CBA) (§ 1983, dismissed by order dated May 20, 2004, pursuant to 28 U.S.C. 1915 (e)); Cole v. Leverett, 04-cv-5216 (CBA) (dismissed by order dated December 6, 2004, pursuant 28 U.S.C. § 1915 (e)); Cole v. Katz, 04-cv-5217 (CBA) (dismissed by order dated December 6, 2004, pursuant 28 U.S.C. § 1915 (e)); Cole v. Hanks et al., 05-cv-1831 (CBA) (pending § 1983); Cole v. Plaza Homes LLC., 05-cv-2055 (CBA) (§ 1983, dismissed by order dated May 23, 2005, for lack of subject matter jurisdiction; plaintiff was cautioned against filing non-meritorious complaints); Cole v. Jack & Hendra Movers, Inc., 05-cv-2203 (CBA) (§ 1983, dismissed by order dated May 18, 2005, for lack of subject matter jurisdiction; plaintiff was cautioned against filing non-meritorious complaints).

1

> In my Complaint/Amended complaint I'm challenging INS under continuous conflicts of interest to become a US citizenship from 1995 to 1996, with all other written in my first complaint, In total just seeing/facing all type of social injustice, government discrimination alike all other, etc.

Amended Complaint at 1.

Plaintiff annexes to the amended complaint a decision dated August 7, 2001, which denies plaintiff's application for naturalization as a United States citizen. See Decision on Review of Denial of Naturalization Application, ("Decision") dated August 7, 2001, annexed to plaintiff's amended complaint. Although unclear, it appears that plaintiff's application for naturalization was denied by the INS,[2] and on October 4, 2000, plaintiff appealed and received a hearing and review by the INS. Following the hearing, the INS upheld the denial of naturalization on August 7, 2001.

The decision denying plaintiff naturalization states *inter alia* that plaintiff:

> failed to appear for [her] final hearing on [her] citizenship application on three occasions ... You have also not filed any federal income taxes for the years 1996 to 1999. You claimed you made no income for those years yet your passport shows numerous trips abroad for business during those years. You stated under oath to the officer during your Appeal Hearing on 10/4/00 that you work for cash in your sales business.

Decision at ¶ 3.

A person whose application for naturalization is denied after a hearing with an immigration officer has 120 days to seek review of that denial in the United States District Court for the district where that person resides. 8 U.S.C. § 1421 (c); 8 C.F.R. § 336.9 (b). The decision denying plaintiff's

---

[2] Pursuant to the Homeland Security Act of 2002, the functions of the Immigration and Naturalization Service ("INS") were transferred to the newly-formed Department of Homeland Security ("DHS"). The function of adjudicating naturalization petitions was transferred to the Bureau of Citizenship and Immigration Services ("CIS"). See 6 U.S.C. § 271(b)(2),(3).

2

naturalization specifically informed plaintiff of her right to appeal to District Court within 120 days after the Service's determination. Here, the final decision denying plaintiff naturalization was dated August 7, 2001, yet plaintiff did not file the instant action until June 22, 2005, long after the expiration of the 120 day period in which to seek District Court review.[3]

## Conclusion

Plaintiff's amended complaint demonstrates that plaintiff's request for this Court to review the decision denying her naturalization is time-barred. Therefore this action is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
August 23, 2005

---

[3] If plaintiff seeks to become naturalized as a United States citizen she should reapply by completing and submitting a new application. 8 C.F.R. §§ 334.2, 316.4.